IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **R.T.** *on behalf of J.S.*, | : | **No. 1:07-CV-0232** |
| **Plaintiff** | : | **JUDGE SYLVIA H. RAMBO** |
| **v.** | : | |
| **SOUTHEASTERN YORK COUNTY SCHOOL DISTRICT,** | : | |
| **Defendant** | : | |

## M E M O R A N D U M

Before the court is Plaintiff R.T.'s motion for a temporary restraining order or, in the alternative, for a preliminary injunction upon Defendant South Eastern School District (improperly pled as "Southeastern York County School District") to enroll his son, J.S., for the remainder of the school year. (Doc. 2.) Because the court concludes that it lacks subject matter jurisdiction over this case, it will order this case to be closed.

## I.        Background

### A.        Facts

J.S. is the minor son of Plaintiff R.T. J.S. began 8th grade at South Eastern Middle School - East ("SEMS - East") in the South Eastern School District ("School District") in York County, Pennsylvania. Over two days in early November, J.S. ingested four pills of Metadate - a time-release version of the prescription drug Ritalin, used to treat ADHD - given to him by a friend. Doing so violated the student conduct code of the South Eastern School District. After an

informal disciplinary hearing on November 13, 2006, J.S. was suspended and the matter was referred to the Superintendent of Schools for the School District.

While J.S. was suspended he was tested for ADD and ADHD by a private doctor. He was diagnosed as having ADD - inattentive type or ADHD. J.S. was also assessed by the psychologist for the School District. She determined that J.S.'s diagnosis did not qualify him as a "child with a disability" as defined in the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401(3). Therefore, he was deemed ineligible for the protections of that Act.

On December 21, 2006, R.T. and some of J.S.'s teachers and administrators met to determine whether J.S.'s action in taking the Metadate was a manifestation of his ADD or ADHD. This manifestation determination was conducted under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Over the objections of R.T., the group decided that obtaining and ingesting the pills was not a manifestation of J.S.'s disability. R.T. appealed the decision to a hearing officer. On January 24, 2007, the hearing officer issued a written decision and order. She concluded that J.S. qualified as a "child with a disability" under the IDEA, that he was in need of special education and related services under the IDEA, and taking the Metadate was a manifestation of his disability.

During the time between the manifestation determination and the hearing officer's decision, J.S. was formally expelled from school on January 3, 2007. Because his expulsion stemmed from a manifestation of his disability, the hearing officer ordered him reinstated to his regular education classes at SEMS - East. On February 9, 2007, the School District filed an appeal of the hearing officer's findings of fact and conclusions of law.

**B.**     **Procedural History**

R.T. filed his complaint on February 6, 2007.  (Doc. 1.)  On the same date, he filed a motion for a temporary restraining order requiring the School District to allow J.S. to finish the school year at SEMS - East and a brief in support of the motion.  (Doc. 2.)  The School District filed a brief in opposition to the motion on February 12, 2007.  (Doc. 9.)  This court held a hearing on the motion on February 13, 2007.  Accordingly, the matter is ripe for disposition.

**II.**     **Discussion**

The IDEA imposes upon States that choose to accept funding under the Act an affirmative duty to provide a free, appropriate public education to school-age children with disabilities.  20 U.S.C. § 1415(a).  A State, or its educational agencies, must establish procedures to ensure that such children with disabilities are protected by the IDEA.  § 1415(b).  One protection of the IDEA is that a student with a disability may not be expelled for violating the student code of conduct without receiving the benefit of a "manifestation determination."  *See* § 1415(k)(1)(E).  At the manifestation determination, the parent and relevant educators review the student's file and behavior to evaluate whether the conduct at issue "was caused by, or had a direct and substantial relationship to, the child's disability" or "was the direct result of the local educational agency's failure to implement" an individual education plan for the student.  § 1415(k)(1)(E)(i).  If the student's behavior is deemed to have been a manifestation of his disability, the student's expulsion will

be vacated and he will be restored to his regular educational program.  *See* §
1415(k)(1)(F)(iii).

A parent aggrieved by the decision made at a manifestation
determination has the right to request an impartial due process hearing.  §
1415(f)(1)(A).  The decision issued at the due process hearing is the final
administrative action, unless there is a right of appeal to the State educational
agency.  § 1415(i)(1)(A); § 1415(g).  Pennsylvania provides such a right.  22 Pa.
Code § 14.162; *Carlisle Area Sch. v Scott P.*, 62 F.3d 520, (3d Cir. 1995).  Thus,
either party to the due process hearing, the parent or the school district, may appeal
the decision of the hearing officer.  20 U.S.C. § 1415(g); 22 Pa. Code § 14.162(o).
The decision of the appeals panel is the final administrative decision in the matter.
20 U.S.C. § 1415(i)(1)(B); 22 Pa. Code § 14.162(o).  Once the parties have
exhausted their administrative remedies and appeals, an aggrieved party has the
right to file a civil action in any State court of competent jurisdiction or in a United
States District Court, without regard to the amount in controversy.  § 1415(i)(2).

The United States Constitution and other federal laws provide relief
similar to that afforded under IDEA.  Before a party may file suit under these laws
seeking relief that is also available under the IDEA, the IDEA exhaustion
requirement must be met.  § 1415(*l*); *W.B. v. Matula*, 67 F.3d 484, 495 (3d Cir.
1995).  The exhaustion requirement is excused, however, if IDEA administrative
proceedings would be futile or inadequate.  *W.B.*, 67 F.3d at 495.  In the Third
Circuit, the exhaustion requirement is a prerequisite for a District Court to have
subject matter jurisdiction over a claim under the IDEA, or any claim that seeks

4

relief similar to that available under the IDEA.  *Id.* at 493; *Falzett v. Pocono Mountain Sch. Dist.*, 150 F. Supp. 2d 699, 701 (M.D. Pa. 2001).

Here, administrative remedies have not been exhausted.  After J.S. ingested pills on school property, in violation of the student conduct code, R.T. and appropriate educators from the School District met for a manifestation determination under the Rehabilitation Act because the School District's psychologist determined that J.S. did not qualify for IDEA protection.  It was decided that J.S.'s conduct was not a manifestation of his ADHD.  R.T. appealed the decision of the School District to a hearing officer.  The issues on appeal were 1) whether J.S. was a child with a disability under the IDEA and thus entitled to its protections and, if so, 2) whether his conduct a manifestation of his disability and protected by the IDEA.  The hearing officer concluded that J.S. was a child with a disability under the IDEA and eligible for its protections.  She also concluded that his conduct of taking the Metadate was a manifestation of his disability.  The School District has appealed the hearing officer's finding of facts and conclusions of law regarding the applicability of the IDEA.  Accordingly, the IDEA issues have not reached administrative exhaustion.

The complaint contains a conclusory statement that exhaustion is futile in this case (Doc. 1 ¶ 10) and this court should excuse the exhaustion requirement. Exhaustion would not be futile.  The School District has filed an appeal with the Pennsylvania Department of Education Office of Dispute Resolution ("ODR") on the IDEA issues.  ODR has jurisdiction to hear IDEA appeals under the IDEA, its implementing federal regulations, and Pennsylvania statutes and regulations.  *In re the Educational Assignment of E.Z.*, Spec. Educ. Op. No. 1569 at 4 (Pa. Spec. Educ.

Due Process Appeals Panel Rev. 1569, Jan. 19, 2005).  Once this appeal is concluded, administrative remedies will be exhausted.

R.T. has also alleged violations of § 504 of the Rehabilitation Act, the Americans with Disabilities Act, § 1983, and the Due Process and Equal Protection clauses of the United States Constitution.  The relief sought for each of these alleged violations is the same remedy sought under the IDEA.  "'[B]efore the filing of a civil action . . . seeking relief *that is also available under* [*the IDEA*],' a plaintiff must exhaust the IDEA procedures." *W.B.*, 67 F.3d at 495; *see* § 1415(*l*).  Here, the administrative procedures dictated by IDEA are not exhausted.  Accordingly, this court does not have subject matter jurisdiction over the non-IDEA claims under federal law that seek the same relief available under IDEA.  *See W.B.*, 67 F.3d at 493; *Falzett*, 150 F. Supp. 2d at 701.

**III.**        **Conclusion**

For the reasons stated above, this court does not have subject matter jurisdiction over this case.


                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated:  February 20, 2007.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **R.T.** *on behalf of J.S.*, | : | No. 1:07-CV-0232 |
| **Plaintiff** | : | **JUDGE SYLVIA H. RAMBO** |
| | : | |
| **v.** | : | |
| | : | |
| **SOUTHEASTERN YORK** | : | |
| **COUNTY SCHOOL DISTRICT,** | : | |
| | : | |
| **Defendant** | : | |

## O R D E R

For the reasons stated in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT** the Clerk of Court shall close this case for lack of subject matter jurisdiction.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  February 20, 2007.