IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **R.T.** *on behalf of J.S.*, | : | No. 1:07-CV-0232 |
| Plaintiff | : | JUDGE SYLVIA H. RAMBO |
| v. | : | |
| **SOUTHEASTERN YORK COUNTY SCHOOL DISTRICT,** | : | |
| Defendant | : | |

## **M E M O R A N D U M**

Before the court is Plaintiff R.T's motion for reconsideration (Doc. 16) of the decision of this court dismissing this action for lack of subject matter jurisdiction (Doc. 15). Because Plaintiff fails to identify a manifest error of law or fact contained in the decision issued on February 20, 2007, the motion will be denied.

**I.     Background**

   **A.     Facts**

The pertinent facts of this case are set forth in this court's Memorandum and Order issued on February 20, 2007 (Doc. 15). In that decision, it was not necessary to address the issue of J.S.'s residency. His residency is also unnecessary to this opinion, but because it was raised in the motion for reconsideration, the court will summarize the undisputed facts of that issue.

Before August of 2006, R.T. and J.S. lived at an address that was within the boundaries of the South Eastern School District ("South Eastern" or "School District"). In August 2006, they moved to 24 Potter Drive, Delta, Pennsylvania. This address is outside the boundaries of South Eastern School District. It is within

the Red Lion School District ("Red Lion"). In spite of the move, R.T. sent J.S. to South Eastern Middle School – East ("SEMS – East"). R.T. informed the School District of the change of address and various administrators corresponded with R.T. The administration of the School District did not recognize the address as being outside of its boundaries until January 31, 2007. On that date, J.S. appeared for re-enrollment after his expulsion and subsequent reinstatement. Upon enrollment or re-enrollment, it is School District policy to check the address of a student against U.S. Census data to ensure that the student is a resident of the School District.

R.T. claims that he was unaware that he lived in Red Lion rather than South Eastern. Documentary evidence and past experience indicate, however, that he was on notice that Red Lion, not South Eastern, was the proper school district for his home address. The tax receipt attached to the deed of his house shows that, upon closing, R.T. and his mother (the co-purchaser of the house) paid $200 in taxes to the Red Lion Area School District. (Def.'s Ex. 13.) Further, R.T. testified that his older son, who previously lived at 24 Potter Drive, attended Red Lion schools. R.T. believed that he lived on the border between the school districts and could choose which district would educate his children.

### B. Procedural History

The instant motion for reconsideration was filed on February 22, 2007. (Doc. 16.) Ordinarily, within ten days of filing a substantive motion, the moving party must file a brief in support thereof.[1] Loc. R. 7.5. The non-moving party has

---

[1] The moving party must also file with the motion a certificate of concurrence. Loc. R. 7.1. Plaintiff failed to do so. (*See* Doc. 16.) Rather than prolonging the disposition of this motion to require Plaintiff to file such a certificate, the court will address the motion and waive the requirement for the purposes of this motion only.

fifteen days from the date of service of such brief in support to file its response. Loc. R. 7.6  Once served with the responsive brief, the moving party may file a reply within ten days.  Loc. R. 7.7.  The court finds that allowing the normal schedule of briefing would further prolong J.S.'s absence from the public education that he is both entitled to and required to have.  The court further finds that it has the facts and legal arguments at hand to address this motion without briefing by the parties.

## II.        Legal Standard: Motion for Reconsideration

A motion for reconsideration is governed by Federal Rule 59(e), which allows a party to move to alter or amend a judgment within ten days of its entry.[2] *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993).  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its judgment]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)

---

[2]Plaintiff does not specify the Federal Rule of Civil Procedure under which this motion for reconsideration was brought.  When a Plaintiff files a motion for reconsideration without further specification, the court will examine the motion as a Rule 59(e) motion. *See Amatangelo v. Borough of Donora*, 212 F.3d 776, 779-80 (3d Cir. 2000); *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986) ("[W]e view a motion characterized only as a motion for reconsideration as the 'functional equivalent' of a Rule 59(e) motion to alter or amend a judgment.").

3

(citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)).

These three narrow allowances are the only permissible grounds for a motion to reconsider. "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (internal quotations omitted). Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment. *McDowell Oil Serv. Inc.*, 817 F. Supp. at 541. "Reconsideration of judgment is an extraordinary remedy[, and] such motions are to be granted sparingly." *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

### III.     Discussion

The instant motion for reconsideration will be denied. R.T. has not identified an intervening change in law between the court's decision and the date he filed the motion. R.T. does not present new evidence that was unavailable when the court issued its decision. He alleges that the court made clear errors of fact and law in the decision. After reviewing the facts and exhibits on record, this court concludes that its decision was soundly based in both fact and law.

The crux of R.T.'s motion is the argument that this court erroneously found that administrative remedies under the IDEA had not reached exhaustion. As an initial matter, R.T. presented such an argument to the court at the hearing held on February 13, 2007, and thus is attempting to reargue and relitigate a matter already

decided. Disagreement with the decision of the court is not a proper basis for a motion for reconsideration, and for that reason, the instant motion will be denied. For the sake of clarity, however, the court will, again, explain its reasoning. R.T. contends that his administrative remedies are exhausted because claims under § 504 of the Rehabilitation Act of 1973 are not appealable to the Office of Dispute Resolution within the Pennsylvania Department of Education. He puts forth that a § 504 claim is exhausted after a decision is issued by a hearing officer. Here, the hearing officer issued her decision on January 24, 2007.

While R.T. may have appealed the manifestation determination under § 504 only, the hearing officer made findings of fact and conclusions of law regarding J.S.'s eligibility to receive services under the Individuals with Disabilities Education Act ("IDEA"). (*E.g.,* Pl.'s Ex. 4. at 2 ("Issues: 1) Is [J.S.] entitled to an IEP under the IDEA or entitled only to a Section 504 Plan?"); *id.* at 6 ("Parents satisfied their burden of proving that [J.S.] is a 'child with a disability' under Section 602(3)(A) of the Individuals with Disabilities Education Improvement Act . . . [J.S.] is in need of special education and related services as a child with a disability under IDEA . . . [J.S.'s] conduct was a manifestation of his disability based upon the definition contained in IDEA."); *id.* at 9 ("The Hearing Officer is satisfied that [J.S.] is eligible for services under IDEA.").) Ultimately, the hearing officer determined that J.S. was eligible for protection and services under the IDEA *in addition to* the protection and services provided by § 504 of the Rehabilitation Act. Accordingly, IDEA issues existed in this case after the hearing officer's decision.

As this court noted in its February 20, 2007 decision, appeals panels within the Office of Dispute Resolution ("ODR") within the Pennsylvania

Department of Education have jurisdiction to hear an appeal of the decision of a hearing officer on IDEA claims. 22 Pa. Code §14.162(o); *In re the Educational Assignment of E.Z.*, Spec. Educ. Op. No. 1569 at 4 (Pa. Spec. Educ. Due Process Appeals Panel Rev. 1569, Jan. 19, 2005). The party aggrieved by the result before the hearing officer may file an appeal with ODR within 15 calendar days of receiving the hearing officer's decision. ODR Timelines, *available at* http://odr.pattan.net/dueprocess/Timelines.aspx. Accordingly, IDEA administrative remedies are not exhausted until the conclusion of the appeals process within ODR or, if no appeal is filed, the expiration of the time permitted for appeal.

      Here, the School District filed an appeal of the hearing officer's decision on February 9, 2007.[3] It appeals the findings of fact and conclusions of law regarding the determination that J.S. is eligible for the services and protections guaranteed *by the IDEA*. R.T. has not alleged that the appeal was filed out of time, thus the court finds that the appeals process is continuing on the IDEA issues. Regardless of the § 504 issues in this case, the IDEA administrative remedies are not yet exhausted. As the court made clear in its decision of February 20, 2007, if IDEA remedies are not exhausted, this court does not have subject matter jurisdiction over claims made under other federal laws that seek the same relief as that available under IDEA. R.T. claims monetary damages and retaliation by the School District, which causes of action may or may not be addressed in the administrative process. This court concludes, however, that these disputed issues will be fleshed out and possibly resolved through the administrative process established under the IDEA.

---

[3]It is of no moment that the complaint in this matter was filed before the School District filed its appeal to ODR.

Thus, the court finds no reason to disturb the reasoning or conclusion of its Memorandum and Order of February 20, 2007.  This court lacks subject matter jurisdiction over this case.[4]

If the court *did* have subject matter jurisdiction, upon consideration of the briefs, evidence, and testimony offered at the preliminary injunction hearing, it would deny R.T.'s motion for a preliminary injunction.  J.S. is not a resident of South Eastern and is not entitled to be educated there.

South Eastern School District is comprised of the area within the municipal boundaries of the townships of East Hopewell, Hopewell, Fawn and Peach Bottom and the boroughs of Cross Roads, Delta, Fawn Grove, and Stewartstown.  S.E. School Dist. Policy 001 § 2.  State law and regulations are quite clear that a school district must educate residents residing within its boundaries.  24 Pa. Con. Stat. Ann. § 5-501 ("The board of school directors in every school district shall establish . . . and maintain a sufficient number of . . . public schools . . to educate every [eligible school-age person] residing in such district."); S.E. School Dist. Policy 202 ("The Board shall operate district schools for the benefit of students residing in this district who are eligible for attendance.")  "A child shall be considered a resident of the school district in which his parents or the guardian of

---

[4]Moreover, this jurisdictional question was brought to the fore on R.T.'s motion for a preliminary injunction requiring South Eastern to accept J.S. as a student for the remainder of this school year.  When J.S. was re-enrolled at SEMS – East after his expulsion, the School District learned that his address was not within South Eastern's boundaries.  The School District refused to allow J.S. to return because of its policy not to permit non-residents of the district to be educated in its schools.  Because neither party was aware of the residency issue at the due process hearing, the hearing officer's decision contains a finding of fact that J.S. and his father are residents of the South Eastern School District. (Pl.'s Ex. 4 at 3.)  The School District has appealed that finding of fact. (Def.'s Ex. 16, Exceptions for the South Eastern School District ¶ 1.)  Thus, the residency question that R.T. hoped to have adjudicated in this court has been presented for review by the appeals panel.

his person resides." 24 Pa. Con. Stat. Ann. § 13-1302; *accord* S.E. School Dist. Policy 200 ("District of residence shall be defined as the school district in which a student's parents/guardians reside."). No district is required to accept non-residents in its public schools. *See* 24 Pa. Cons. Stat. Ann. §§ 5-501, 13-1301. South Eastern School District does not. S.E. School Dist. Policy 202 ("It shall be the policy of the Board not to permit the admission of nonresident students."). .

It is undisputed that R.T. has sole custody of J.S. R.T. and J.S. live together in a house in Lower Chanceford Township, outside the boundaries of the South Eastern and within the boundaries of Red Lion. Red Lion, not South Eastern, has the obligation to educate J.S. R.T. proffered no case law allowing for the pleaded "residency by estoppel" to be enforced by a court. It is true that South Eastern did not recognize that 24 Potter Drive was outside of its boundaries and it allowed J.S. to attend from the beginning of the school year through November. Arguably, the School District could expend slightly more effort at the beginning of each school year to check the addresses of recently-relocated pupils to prevent this sort of problem from arising. Even so, the facts show that R.T. was on notice that he did not live in the South Eastern School District. He is charged with knowledge of the information contained with the deed to his home and the notation that he paid taxes to Red Lion. He also had actual knowledge of his older son's enrollment and attendance at Red Lion. R.T. may have believed that he could send a child to either South Eastern or Red Lion, but he was mistaken. There is no basis upon which to force South Eastern to enroll a student it is not required to educate and for whom it will receive no compensation in federal or state funding.

R.T. made mistakes. South Eastern made mistakes.[5] Neither of these two parties will feel the sting of their respective negligence, however. The innocent J.S. is the one who has been suffering and continues to suffer for the oversights of those charged with protecting his interests and educating him. The court expects that the parties will prioritize J.S.'s right to receive an appropriate education, in the district of his residence, in the future. The transition may be difficult this late in the school year. J.S. may have to attend summer school to ensure that he passes the eighth grade. But requiring his attendance in the district of his residence is the result dictated by law. It is the law that this court would enforce, if it had jurisdiction.

**IV.**     **Conclusion**

There is no basis to reconsider the court's decision entered on February 22, 2007 (Doc. 15). An order dismissing Plaintiff's motion will issue.

          s/Sylvia H. Rambo
          SYLVIA H. RAMBO
          United States District Judge

Dated: February 23, 2007.

---

[5] If the court had the power to enter an order on the matter of tuition, the School District's failure to note his changed residency would preclude it from recovery of the sum demanded of R.T.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **R.T.** *on behalf of J.S.*, | : | **No. 1:07-CV-0232** |
| **Plaintiff** | : | |
| | : | **JUDGE SYLVIA H. RAMBO** |
| **v.** | : | |
| **SOUTHEASTERN YORK COUNTY SCHOOL DISTRICT,** | : | |
| **Defendant** | : | |

## **O R D E R**

In accordance with the attached memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for reconsideration (Doc. 16) is **DENIED**.

                                                  s/Sylvia H. Rambo
                                                  SYLVIA H. RAMBO
                                                  United States District Judge

Dated:  February 23, 2007.